Domasek, Respondent, vs. Kluck, Appellant.

*January 30—February 18, 1902.*

*Agency: Evidence: Prejudicial error: Putative agent.*

1. In the absence of a request for any further caution to the jury, it is not error to admit in evidence the declarations of W., that he was defendant's agent, where it was given incidentally, as a part of the very transaction of the sale on which the action was founded, and the court, in the presence of the jury, promptly ruled that the statements of W. could not be taken as proof of his agency.

2. Admission in evidence for plaintiff of a fact also proved by defendant's evidence, is not prejudicial.

3. Plaintiff sought, under allegations of agency, to prove both agency in fact, and a holding out of W. as an agent. It was conceded that no change in the relations between W. and defendant had taken place between the transaction with plaintiff and a similar transaction subsequently had with K. *Held,* that it was not error to admit the testimony of K. as to his transaction and the recognition therein of W.'s agency.

APPEAL from a judgment of the circuit court for Portage county: Chas. M. Webb, Circuit Judge. *Affirmed.*

The plaintiff, about April 15, 1899, sold his potatoes to the amount of $329.45 to one Julius Werachowski upon the

latter's statement, as plaintiff claims, that the purchase was as agent for the defendant. That agency is denied. Plaintiff offered evidence of the course of business by Werachowski, with knowledge on the part of the defendant, both for the purpose of justifying an inference of agency in fact and of an apparent agency permitted by the defendant, and also offered evidence of subsequent affirmance of the purchase and promise to pay by the defendant in person. All these contentions were controverted. The jury found a general verdict in favor of the plaintiff, upon which judgment was rendered, wherefrom defendant brings this appeal.

For the appellant the cause was submitted on the brief of *Brennan & Frost.*

For the respondent there was a brief by *Cate, Lamoreux & Park,* and oral argument by *F. B. Lamoreux.*

DODGE, J. Appellant assigns a series of specific errors, which may be considered in the order of their discussion in his brief.

1. Error is assigned upon the alleged admission of testimony as to statements of the assumed agent, Werachowski, that he was such agent, and the familiar rule is invoked that the fact of the agency cannot be proved by declarations of the alleged agent. Examination of the record, however, does not disclose admission of any such, except as it came in incidentally in the testimony of plaintiff's agent, who made the sales, of the very transaction of selling. It is, of course, permissible to prove that transaction, its materiality being subject to subsequent proof of agency; and the court so ruled, declaring, in presence of the jury, that statements of Werachowski could not be taken as any proof of the fact of his agency. No request was made for any further caution to the jury on the subject. In thus ruling we think the court was entirely correct, and committed no error.

2. Error is assigned in admitting testimony as to who comprised a firm known as Lukasavitz & Kluck. Whether this was admissible or not, we deem it wholly immaterial and nonprejudicial. Its only significance was to connect the defendant with the business of that firm, to which he succeeded shortly before the plaintiff's sale, continuing the business in exactly the same way, as some of the witnesses testified. Defendant himself gave positive testimony to the effect that he was a member of that firm; and, even if the evidence was improper when offered by the plaintiff, it was nonprejudicial, because the fact appeared at the instance of the defendant himself.

3. Error is assigned upon the admission of the testimony of one Knitter to the having of an entirely similar transaction with Werachowski, and the recognition thereof by the defendant as binding on him, which transaction was subsequent to that of the plaintiff. It is argued that this subsequent transaction could have no relevancy to the issue of an apparent agency upon which plaintiff relied. Conceding the correctness of that position, it must be borne in mind that evidence was offered under the allegation ·of agency to prove—First, agency in fact; and, secondly, a holding out of Werachowski as an agent. While this transaction, occurring a few days after plaintiff's, could have no effect in misleading plaintiff to believe in an agency which did not exist, it was some evidence of admission by the defendant that the agency in fact existed, it being conceded on all hands that no change in the relations between Werachowski and the defendant took place in the interval. No error, therefore, can be predicated upon its admission for that purpose. If any caution to the jury to restrict it to that effect were proper, defendant should have made request therefor, which he did not.

4. The only remaining assignment of error is to the charge of the court. Thereby he seems to have submitted to the

jury only two grounds of liability, namely, that of a holding
out of Werachowski as an agent, relied on by the plaintiff,
and ratification.  Defendant does not contend that there is
any error in the instructions upon the former issue as ab-
stract propositions of law, but that the issue was not raised
by the evidence, and instruction to the jury thereon was
therefore misleading, and an intimation to them that they
might find such holding out when the evidence did not war-
rant it.  The instructions present to the jury the three ele-
ments necessary to bind one upon the doctrine of putative
or apparent agency, namely, acts by the agent or principal
justifying belief in the agency, knowledge thereof by the
defendant, and reliance thereon by the plaintiff, consist-
ently with ordinary care and prudence.  We find no variance
between the instructions given and the law as most recently
laid down in *McDermott v. Jackson,* 97 Wis. 64; *S. C.* 102
Wis. 419.  We cannot agree with the appellant's contention
that there was no evidence to justify the submission of this
issue.  It was in proof that Werachowski had for a long
time been buying potatoes and putting them in the warehouse
belonging to the defendant; that the potatoes so bought and
stored had customarily been treated as the defendant's, and
shipped out to customers in his name; that the method of
doing business was the same as had been pursued during the
time that defendant was associated with Lukasavitz, when
confessedly Werachowski was an agent, with authority to
buy.  There was abundant evidence of defendant's knowl-
edge of all these things, and the plaintiff testified that he
had known how the business was done for a year or two prior
to the alleged sale, and that he knew that Werachowski was
engaged in buying potatoes for the defendant, and that he
sold them to Werachowski for the defendant.  Many other
facts might be recited, but it suffices to say that the record
discloses at least some evidence justifying an inference by

the jury of each of the three elements of putative agency above mentioned.

We conclude that none of the errors are well assigned.

*By the Court.*—Judgment affirmed.