**MODERN PUBLISHING, a DIVISION OF UNISYSTEMS, INC., Plaintiff,**

v.

**LANDOLL, INC., Defendant.**

**No. 93 Civ. 0301 (CSH).**

United States District Court, S.D. New York.

March 3, 1994.

---

Howard Mann, Don Pitofsky, Schwartzman, Weinstock, Garelik and Mann, New York City, for plaintiff.

Robert Epstein, James and Franklin, New York City, for defendant.

### *MEMORANDUM OPINION AND ORDER*

HAIGHT, District Judge:

In a Memorandum Opinion and Order dated January 10, 1994, the Court granted plaintiff's motion for partial summary judgment on the issue of copyright infringement, 841 F.Supp. 129. The facts of the case are stated in that opinion, familiarity with which is assumed.

The parties settled cross-judgments to implement that opinion. Defendant also filed a timely motion for reargument under Rule 3(j) of the Civil Rules of this Court. That rule requires a party moving for reargument to serve "with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." The requirements are stated in the disjunctive. The movant need not point to a controlling decision on issues of law if it can point to significant factual matters overlooked by the prior opinion.

Having considered the briefs in support of and opposing reargument, I am persuaded that the Court's prior opinion did not give sufficient consideration to the protectibility under the Copyright Act of the drawings upon which plaintiff holds its copyright. Specifically, I am satisfied that further consideration must be given to the question of whether the troll drawings of the artist in question, Arthur Friedman, reflect sufficiently original contributions to distinguish them from the troll doll in the public domain.

In *ESF Marketing, Inc. v. Russ Berrie & Co., Inc.*, 29 USPQ2d 1436, 836 F.Supp. 128 (S.D.N.Y.1993), Judge Keenan, had occasion to consider the boundaries of that public domain inhabited by the troll dolls. Judge Keenan enjoined a manufacturer of troll dolls from placing copyright marks on its dolls because, despite alleged changes from the troll doll in the public domain, "defendants' troll dolls are in fact indistinguishable from

the public domain doll." *Id.* at 1439, 836 F.Supp. 128.

■ With all due respect to Judge Keenan, his opinion in *ESF* cannot be regarded as a "controlling decision" within the context of Rule 3(j). Decisions that are "controlling" in this Court, which is to say binding upon it, are issued by the Second Circuit Court of Appeals or the Supreme Court. Judge Keenan and I occupy the same rung on the judicial hierarchical ladder, and I am at liberty to disagree with what he says. But I am also free to agree with him; and, in fact, I find his analysis of the troll phenomenon in *ESF* to be thoughtful and persuasive. Specifically, his conclusion that the particular alterations, relied upon by defendants in *ESF* as badges of originality, failed to distinguish their product from the public domain doll seems to me persuasive. But the particular characteristics of the Friedman drawings which showing of originality, *see* 841 F.Supp. at 133, are of no greater magnitude. The factual matters which I conclude I overlooked relate to the proper boundaries of that public domain into which the basic troll design was "hurled", in Judge Keenan's colorful phrase, *ESF*, 29 USPQ2d at 1438, 836 F.Supp. 128, as the result of the *Scandia House Enterprises, Inc. v. Dam Things Establishment*, 243 F.Supp. 450 (D.C.Cir.1965) decision. On the original motion, defendant submitted considerable factual material on that issue. On the present motion, defendant persuades me that I did not give it sufficient consideration.

Plaintiff, seeking to preserve the benefit of its partial summary judgment, stresses that Friedman's work consists "of an original artistic rendering of a 3–dimensional doll in two (2) dimensional form ..." Defendant responds that "[r]endering a 3–dimensional work in two (2) dimensional form" cannot transform features in the public domain on the three-dimensional doll into original features in the 2–dimensional illustrations. "Troll features such as pointy ears depicted in Mr. Friedman's 2–dimensional drawings are just as unprotectible by copyright in 2–dimensions as they are in 3–dimensions." Reply brief at the fifth unnumbered page.

■ Defendant cites no authority for that conclusory argument. But it is correct. In

*Rogers v. Koons*, 751 F.Supp. 474 (S.D.N.Y. 1990), *aff'd*, 960 F.2d 301 (2d Cir.1992), I had occasion to consider whether a 3–dimensional sculpture could infringe a copyrighted 2–dimensional original photograph. The defendant sculptor argued that it could not, but I concluded that "[i]n copyright law the medium is not the message, and a change in medium does not preclude infringement." 751 F.Supp. at 477–78 (citing cases). That analysis applies by analogy to the case at bar. *Rogers* holds that an original copyrighted 2–dimensional photograph was infringed by a 3–dimensional sculpture. The issue at bar is not copying but originality. If the troll doll upon which Friedman based his illustrations is within the public domain, then Friedman cannot bring the troll out of the cold of the public domain into the protected world of the Copyright Act by rendering the 3–dimensional doll in 2–dimensional form.

■ I do not think that plaintiff's quotation from 1 Nimmer, *Copyright* § 3.01 (1994 ed.) at p. 7 of its brief changes this analysis. The passage says only that a derivative work "may command copyright protection" if, among other things, "it satisfies the requirements of originality ..." The issue at bar is whether the Friedman drawings contain sufficient originality in contrast with the troll doll in public domain.

I do not presently hold that sufficient originality is absent, but I do conclude that summary disposition of the issue in plaintiff's favor was improvidently granted.

■ Unless the originality *vel non* of a copyrighted work is determinable as a matter of law, it becomes a question of fact for the factfinder to resolve. *See* the jury charge appearing in 3 Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions* (4th ed. 1987) at § 99.04, p. 808 (advising the jury in copyright actions that "[the] first disputed issue is originality," and going on to define that concept). The copyright registration confers a presumption of validity, including originality, but an accused infringer may rebut the presumption. The case at bar presents a genuine issue on this material fact.

Accordingly defendant's motion for reargument is granted and partial summary judg-

ment is favor of plaintiff is withdrawn. In these circumstances, I give no further consideration to the parties' cross-judgments.

An additional dispute has been revealed by the most recent correspondence of counsel. While the parties' cross-motions for summary judgment on the issue of infringement were pending, defendant noticed the deposition of Ms. Nalle, a former employee of defendant, the deposition to take place in Ashland, Ohio. The notice of deposition was dated December 16, 1993, scheduling the deposition for a subsequent date. On December 20, 1993, counsel for plaintiff wrote to request that the deposition of Nalle and all discovery be stayed pending the disposition of the motions for summary judgment. The Court did not respond specifically to that request. Instead, the Court filed its initial opinion granting plaintiff partial summary judgment on January 10, 1994. Defendant proceeded to take the Nalle deposition on the date noticed. Plaintiff, claiming that it has been deprived of its right to cross-examine, asks the Court to rule that the deposition is a nullity and inadmissible at trial. Defendant contends that plaintiff waived its right to attend and cross-examine.

Plaintiffs should not have assumed that the Court would stay discovery pending a decision on the summary judgment motions or that by its silence the Court had done so. On the other hand defendant would have been better advised to seek clarification on the point before proceeding with the deposition.

In these circumstances, I direct that Nalle be redeposed and that counsel for plaintiff be tendered the opportunity to attend and cross-examine. That direction is conditioned, however, upon plaintiff reimbursing defendant for the costs of the renewed deposition, including a reasonable fee for defendant's counsel in connection therewith.

The parties are directed to attend a status conference in Room 307 at 3:00 p.m. on March 25, 1994.

The foregoing is SO ORDERED.