RISDON, INC., Appellant, v. MILLER DISTRIBUTING COMPANY, INC., Respondent.

*December 2, 1965—January 4, 1966.*

---

420

422

For the appellant there was a brief and oral argument by *Rex M. Smith* of Antigo.

For the respondent there was a brief by *Genrich, Terwilliger, Wakeen, Piehler & Conway*, attorneys, and *Richard J. Weber* of counsel, all of Wausau, and oral argument by *Mr. Weber*.

BEILFUSS, J. The principal issue is, Did Vanderberg have apparent authority to bind Miller for the purchase price of the fourth order?

The trial court found that Vanderberg had express authority to make the first three purchases from Risdon. Miller does not contest this finding, in fact prior to litigation he readily acknowledged liability for these purchases and paid for them in the regular course of business.

The fourth order is in dispute. Risdon claims Vanderberg had apparent authority to act for Miller and that Miller is liable for the entire disputed order. Miller claims that Vanderberg was not an agent and had no authority, express or apparent, to bind Miller to any part of the disputed order.

The trial court held Miller was estopped to deny the agency of Vanderberg and was entitled to recover that portion of the disputed order dealing with 100-pound burlap bags and twine and that Miller was not indebted to Risdon for the 50- and 25-pound paper bags.

The liability of Miller must rest upon the apparent authority of Vanderberg to act for Miller.

The trial court found that the relationship between Miller and Vanderberg was that of an independent contractor by virtue of the written agreement between them and a disclaimer of liability by Miller in the contract. Aside from the fact that the contract specifically allowed Vanderberg to purchase materials and supplies to be paid for by Miller and deducted from Miller's share, Risdon was unaware of the limitations of the contract.

An independent contractor can become an apparent agent, with or without authority, if he reasonably appears to third persons to be authorized to act as an agent of another.

In *Hansche v. A. J. Conroy, Inc.* (1936), 222 Wis. 553, 559–561, 269 N. W. 309, the court, in considering a like problem, stated:

"Respondent seeks to hold appellant liable on the basis of apparent agency. This brings us to consideration as to what is meant by apparent authority. The rule applicable here is thus stated in 1 Restatement, Agency, p. 25, sec. 8:

" 'Apparent authority is the power of an apparent agent to affect the legal relations of an apparent principal with respect to a third person by acts done in accordance with such principal's manifestations of consent to such third person that such agent shall act as his agent.

" 'Comment: *a.* An apparent agent is a person who, whether or not authorized, reasonably appears to third persons, because of the manifestations of another, to be authorized to act as agent for such other. An apparent principal is the person for whom an apparent agent purports to act. The apparent agent may have authority which is coextensive with his apparent authority; he may be authorized to act in other ways but not in the way as to which he has apparent authority; or he may not be authorized to act in any respect for the purported principal. If the authority and the apparent authority are coextensive, the liability of the principal resulting from conduct of the agent may be based upon either authority or apparent authority.

" '*b.* The manifestation that another is to act as agent may be made to the community in general, by advertisements or otherwise. Apparent authority, however, exists only with respect to a person to whom such a manifestation has been made or to whom knowledge of it comes.'

"Three elements are necessary to establish apparent agency: (1) Acts by the agent or principal justifying belief in the agency. (2) Knowledge thereof by the party sought to be held (in the present case, appellant). (3) Reliance thereon by the plaintiff, consistent with ordinary care and prudence. *Domasek v. Kluck,* 113 Wis. 336, 339, 89 N. W. 139.

"In *Commonwealth Telephone Co. v. Paley,* 203 Wis. 447, 233 N. W. 619, the court said:

" 'It is the rule that a person dealing with an agent known to be acting for a principal must at his peril ascertain the extent and nature of the agent's authority. . . . *Boelter v. Hilton,* 194 Wis. 1, 215 N. W. 436; *Pluto*

*Powder Co. v. Cuba City State Bank,* 153 Wis. 324, 141 N. W. 220. However, this rule is to be read in connection with another rule stated in *McDermott v. Jackson,* 97 Wis. 64, 72 N. W. 375, quoted approvingly in *Voell v. Klein,* 184 Wis. 620, 622, 200 N. W. 364, that "If a third person, because of appearances for which the principal was responsible, believes and has reasonable ground to believe that the agent possessed power to act for the principal in the particular transaction, if such third person was, in the exercise of reasonable prudence, justified in believing that the agent possessed the necessary authority, then the principal is responsible to such third person the same as if the agent possessed all the power he assumed to possess." ' "

On three separate occasions, prior to the disputed transaction, orders were placed with Risdon in the name of Miller for supplies needed in the Miller-Vanderberg operation. Each of these orders was placed with Miller's express authority. The invoices were sent addressed to Miller. Two of the invoices were paid by Miller promptly and without question or indication as to limitations on Vanderberg's authority. These acts, by or on behalf of Miller, gave the appearance that Vanderberg possessed the authority to make purchases for supplies as claimed by Vanderberg when he talked with Risdon.

Payment by Miller is practically conclusive evidence that Miller knew Vanderberg was purchasing supplies from Risdon.

As to the reasonable reliance of the apparent authority by Risdon, the record reveals that Vanderberg told Risdon that he would be making purchases for Miller in connection with the Spring Green operation and that they would be paid for by Miller. Risdon knew Miller had a good reputation and, by virtue of newspaper articles and common trade talk, believed Miller had a financial interest in the Spring Green operation. The first two orders placed by Vanderberg were promptly paid by Miller. Miller in no way indicated to Risdon any limitation of Vanderberg's authority and Risdon made no specific inquiries of

Miller as to the extent of Vanderberg's authority. Based upon this evidence the trial court concluded that Miller was estopped to deny liability for that portion of the disputed fourth order dealing with 100-pound burlap bags and twine. Implicit in estoppel is reasonable reliance. We cannot say this finding is against the great weight and clear preponderance of the evidence.

The trial court found that there was reasonable reliance by Risdon as to the burlap bags and twine but not as to the paper bags.

The disputed transaction was a single order for various items. The only difference between this order and the three preceding orders was that the fourth order called for paper bags in addition to burlap bags and that the order was substantially larger. There is no evidence that paper bags are associated with a specialty in the potato business or that they are not generally used in potato marketing. It would seem that Risdon exercised the same care or lack of care with respect to each item of the fourth order and that if Vanderberg had apparent authority to order 100-pound burlap bags he had equal authority to order 50- and 25-pound paper bags.

We conclude that the trial court's inconsistent finding and conclusion is based upon an erroneous finding of fact.

The trial judge (without the benefit of a written transcript as we have) in his memorandum opinion, mistakenly found:

". . . The Plaintiff's President had been in the business of supplying various merchandise to potatoe brokers for a number of years and testified that he knew the operation at Spring Green wherein Miller and Vanderberg were concerned was a specialized operation whereby the potatoes would be sold in 100 pound bags to potatoe chip companies."

We have carefully searched the entire transcript of the testimony as it appears in the record and do not find that Risdon testified or that he knew of the specialized opera-

tion at Spring Green where the potatoes would be sold only in 100-pound bags. This testimony was given at the trial by Miller in his description of the Spring Green operation. There is no evidence that Risdon knew of this limitation and the finding of fact to that effect must be set aside. Without this finding of fact we find nothing to indicate that Risdon, in the exercise of reasonable care, should have been alerted to an absence of apparent authority as to any of the specific items in the disputed order.

This is one of the hard cases where the law must determine which of two innocent persons must bear the burden of a third person's wrongful act.

It is clear that Mr. Miller tried to limit the authority of Vanderberg and liability for his acts. Miller's insistence on prior written requisitions is unquestionably a good business practice. He could have protected himself by requiring acknowledgment by the seller, Risdon, of these requisitions or by advising Risdon that a written requisition was necessary.

Upon the record before us we conclude that Risdon, because of the appearances for which Miller was responsible, believed and had reasonable ground to believe that Vanderberg possessed authority to act for Miller in the disputed transaction and that Miller is liable to Risdon for the entire purchase price of the fourth order.

Because we hold that Risdon should recover as prayed for in his complaint in the amount of $735.42, together with interest thereon and the costs of the action, we do not discuss his assigned evidentiary errors.

*By the Court.*—Judgment to be modified consistent with the opinion and, as modified, affirmed. Costs to the appellant.