MARTINSON, by Guardian *ad litem*, Appellant, v. AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Respondent.

*No. 268. Argued March 5, 1974.—Decided April 2, 1974.*
(Also reported in 216 N. W. 2d 34.)

For the appellant there was a brief and oral argument by *Frank M. Coyne* of Madison.

For the respondent there was a brief by *Aberg, Bell, Blake & Metzner* of Madison, and oral argument by *John M. Moore* of Madison.

CONNOR T. HANSEN, J. The issues presented go to the question of whether the plaintiff failed to comply

with the provisions and conditions of the uninsured motorist endorsement of the automobile liability insurance contract and should, therefore, be denied policy coverage.

March 18, 1968, the plaintiff, then a minor sixteen years of age and living with her father, Harold V. Dorman (hereinafter Dorman), was riding in an automobile driven by Frederick A. Weidling, the uninsured motorist. The Weidling vehicle collided with one driven by Donald G. Dahlen, and the plaintiff sustained injuries.

The affidavit of Dorman reflects that shortly after the accident, he telephoned his insurance agent, Richard Moore. The agent was informed that the plaintiff had been injured in the accident and inquiry was made as to whether the policy of American Family would cover her injuries. The agent's response is unknown.

The affidavit of Hugh Oldenburg, counsel for the plaintiff, reflects that he knew the American Family policy contained an uninsured motorist provision applicable to the plaintiff; that he telephoned American Family in April, 1968, informed it of the accident, the company's potential liability, and that he intended to commence action against Dahlen. Affiant does not remember who he spoke with on this occasion.

The affidavit in support of American Family's motion for summary judgment reflects it has no record of the March and April, 1968, telephone calls of Dorman and Oldenburg.

The trial court determined that if the oral notice of the loss or accident was accepted by American Family without advising that it should be in writing, it may have been sufficient notice and that this could give rise to a jury question. Also, if no notice of the "accident, occurrence or loss" had been given, the question of whether or not the insurer was prejudiced (sec. 204.34 (3), Stats.) could not be determined on the present

record. We agree with the trial court's determination on the issue of notice of the accident, occurrence or loss as required by condition (3) of the policy provisions, and no useful purpose will be served by further discussion.

October 29, 1969, the plaintiff commenced suit against Dahlen and his insurer, Regent Insurance Company. Regent, in the course of defending the action and in behalf of its insured, impleaded Weidling, the uninsured motorist and driver of the vehicle in which plaintiff was a passenger, as a third-party defendant. Copies of those pleadings were served on the plaintiff's lawyer. An adverse examination was taken of Weidling. American Family had no notice of this. The record does not reflect that a copy of the summons and complaint or other legal process served in connection with these actions were ever forwarded to the insurer by the insured or his legal representative. The plaintiff never commenced action against the uninsured motorist.

The case of the plaintiff against Dahlen was ultimately set for trial on June 1, 1970. In his affidavit, Mr. Oldenburg avers that on May 14, 1970, he notified American Family of the trial date, offered to make available his complete investigation, including that of a private investigator he had employed; and that the insurer refused to accept the offer, secured a "non-waiver agreement" from its insured and conducted its own investigation. Further, the affidavit states that on May 14, 1970, and at subsequent times prior to June 1, 1970, he attempted to negotiate a settlement with American Family; that he was advised it would make no settlement under its uninsured motorist coverage until the litigation against Dahlen was brought to a conclusion because its liability under its uninsured motorist coverage did not arise until there was no other potential available insurance.

The suit of the plaintiff against Dahlen culminated on June 4, 1970, when the jury returned a verdict finding no negligence on the part of Dahlen.

Apparently after the verdict was returned, counsel for the plaintiff again contacted American Family. The record contains a letter from the insurer to the counsel dated June 8, 1970, denying the request of the plaintiff for benefits payable under the uninsured motorist provisions of the policy for the following reasons: (1) Notice of the accident was first received May 14, 1970, 26 months after the date of the accident; (2) no proof of claim was ever received; and (3) it was not furnished with a copy of the summons and complaint in the action of the plaintiff against Dahlen.

Insofar as the resolution of the issues presented on this appeal are concerned, the uninsured motorist endorsement of the automobile liability insurance contained the following significant conditions:

**"Proof of Claim; Medical Reports.** As soon as practicable, the insured or other person making claim shall give to the company written proof of claim, under oath if required, including full particulars of the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable hereunder. The insured and every other person making claim hereunder shall submit to examinations under oath by any person named by the company and subscribe the same, as often as may reasonably be required. Proof of claim shall be made upon forms furnished by the company unless the company shall have failed to furnish such forms within 15 days after receiving notice of claim. The injured person shall submit to physical examinations by physicians selected by the company when and as often as the company may reasonably require and he, or in the event of his incapacity his legal representative, or in the event of his death his legal representative or the person or persons entitled to sue therefor, shall upon each request from the company execute authorization to enable

the company to obtain medical reports and copies of records."

and

**"Notice of Legal Action.** If, before the company makes payment of loss hereunder, the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative."

The notice of accident, occurrence or loss provision of the general policy provisions is distinct and different from the proof of claims requirements of the uninsured motorist endorsement and the distinction is well established.

"As used in a policy of automobile insurance, notice of loss and proofs of loss are distinct concepts, and they have different purposes and functions. The provisions for notice of loss refer to information to the insurance company of the loss of, or damage to, the insured automobile, while the clause pertaining to proofs of loss usually requires a statement of loss, signed and sworn to by the insured, containing specified information.
"The object of requiring proofs of loss is to afford proper information to the insurance company as to the facts regarding the loss and its liability, in order to make it possible for it to adjust and determine the amount and extent of the loss." 8 Blashfield, *Automobile Law and Practice, Insurance,* pp. 145, 146, sec. 331.1.[1]

The proof of claim provisions of the uninsured motorist endorsement are specific and there is no document in the record which in any way can be construed as a proof of claim. The only possible way in which it could be said that a proof of claim was filed would be to so interpret

[1] *See:* 5A Appleman, *Insurance Law and Practice,* p. 669, sec. 3618.

the oral communications between counsel for the plaintiff and American Family during the period from May 14, 1970, to June 8, 1970, which occurred more than two years after the accident and long after the plaintiff knew of her injuries. There is no way that these oral communications under these circumstances could be construed as even substantial compliance with the policy conditions relating to uninsured motorist coverage which require a written proof of claim as soon as practicable.

Even if we were to find that there could be an issue of fact as to notice of accident requirements as a result of telephone conversations in March and April of 1968, referred to in the affidavits of counsel and the named insured, Harold V. Dorman, there is no factual basis for a dispute as to whether a proof of claim was ever submitted.

The plaintiff argues that the provisions of sec. 204.34 (3), Stats., are applicable and that although notice may not have been given, American Family was not prejudiced thereby. Sec. 204.34 (3), speaks to the giving of notice of the accident, not to the filing of a proof of claim. *Heimlich v. Kees Appliance Co.* (1950), 256 Wis. 356, 41 N. W. 2d 359. The modification of *Heimlich* in *Stippich v. Morrison* (1961), 12 Wis. 2d 331, 107 N. W. 2d 125, pertains to insurance disputes in which the interest of third parties have intervened. In the instant case the dispute is between the insurer and the insured. The proof of claim condition requires the filing of the claim as soon as practicable after the incident giving rise to the claim. It does not mean the claim should be filed as soon as practicable after the liability of the insurer has been established.

The record shows that the plaintiff never did file a proof of claim or make a claim against either the uninsured motorist or against the defendant. The plaintiff's oral request for benefits under the uninsured motorist endorsement in May or June of 1970, does not constitute

the filing of a claim. When the plaintiff's counsel did notify the American Family of the status of the plaintiff's action against Dahlen, the status of that action did not show the plaintiff was making any claim against the uninsured motorist or against the defendant; only that the lawsuit was pending and that American Family might have some liability. On the status of the record then existing, the insurer's only possible liability could have been for contribution.

Also, it appears undisputed that the plaintiff never forwarded a copy of the summons and complaint or any other process served in connection with such legal action including pleadings which impleaded Weidling, the uninsured motorist, who was subsequently examined adversely by Regent, Dahlen's insurer.

The plaintiff contends that American Family is estopped from asserting its policy defenses. The reliance necessary for the operation of estoppel must be reasonable. *Risdon, Inc. v. Miller Distributing Co.* (1966), 29 Wis. 2d 418, 139 N. W. 2d 12. American Family had no recollection or record of the informal telephonic notice of the accident that occurred on March 18, 1968. No notice of the accident was filed. When it received the telephone call on May 14, 1970, shortly before trial, it secured a nonwaiver agreement from its insured and conducted its own investigation. The plaintiff was aware of the uninsured motorist endorsement on the policy. It is uncontroverted that American Family did not receive copies of any of the pleadings in the plaintiff's suit against Dahlen, including notice or pleadings reflecting that Weidling, the uninsured motorist, had been made a third-party defendant. *Liner v. Mittelstadt* (1950), 257 Wis. 70, 42 N. W. 2d 504, sets forth a proper procedure when possible denial of coverage arises. We conclude that under the facts of this case, American Family was not estopped from asserting its policy defenses.

*By the Court.*—Judgment affirmed.