MADGETT, Respondent, v. MONROE COUNTY MUTUAL TORNADO INSURANCE COMPANY, Appellant.

*No. 206. Argued April 1, 1970.—Decided April 28, 1970.*
(Also reported in 176 N. W. 2d 314.)

For the appellant there were briefs by *Rice & Abbott* and *Steven Luse Abbott,* all of Sparta, and oral argument by *Steven Luse Abbott.*

For the respondent there was a brief by *Gleiss, Goodman & Osborne* and *Leo J. Goodman,* all of Sparta, and oral argument by *Leo J. Goodman.*

ROBERT W. HANSEN, J. The plaintiff seeks to recover as the insured from the defendant as insurer under an insurance policy covering windstorm damages. The weakness in plaintiff's case is that he had no policy of insurance with the defendant company on the date when the

damages were sustained. The company had issued a windstorm policy to the previous owner but that policy had not been assigned to plaintiff, and no new policy had been issued. The relationship of insurer and insured derives from a contract of insurance. Here it is conceded that there was no contract of insurance between the plaintiff and the defendant company.

Instead, plaintiff claims that the defendant company is estopped from mentioning the absence of any contract of insurance by reason of the acts of its director. When the director of the company told the manager of the farm to have the storm-damaged buildings repaired, such act of defendant's agent estops it from asserting that plaintiff was not its insured, or so the plaintiff argues. Estoppel is a sturdy doctrine, but it cannot sustain so heavy a load.

Estoppel can block, but it cannot create. It is a barricade that can stop a litigant from proceeding down a roadway that, except for estoppel, would be open to him. It is not a bulldozer that can create a roadway where none in fact exists or ever did. Estoppel may prevent an insurer from enforcing certain policy provisions against its insured.[1] However, even where the relationship of insurer and insured exists, estoppel cannot be used to enlarge the coverage of an insurance policy, for then

---

[1] ". . . As a general rule, conditions and terms, either of an inclusionary or exclusionary nature in the policy, go to the scope of the coverage or delineate the risks assumed, as distinguished from conditions and terms which furnish a ground for the forfeiture of coverage or defeasance of liability. Only in few states can the doctrine of estoppel be used to enlarge the coverage of an insurance policy. . . ." *Ahnapee & Western Railway Co. v. Challoner* (1967), 34 Wis. 2d 134, 142, 148 N. W. 2d 646. *See also: Artmar, Inc. v. United Fire & Casualty Co.* (1967), 34 Wis. 2d 181, 148 N. W. 2d 641, 151 N. W. 2d 289; *Harris v. Knutson* (1967), 35 Wis. 2d 567, 151 N. W. 2d 654; *Shearer v. Dunn County Farmers Mut. Ins. Co.* (1968), 39 Wis. 2d 240, 159 N. W. 2d 89; *Schuster v. Germantown Mut. Ins. Co.* (1968), 40 Wis. 2d 447, 162 N. W. 2d 129.

the effect would be to create ". . . a new contract providing coverage for which no premium has been paid." [2] Cases where there was a contract of insurance,[3] or had been an assignment of an existing policy,[4] cannot be relied upon. Here there was no contract and there was no assignment. As this court stated in a case where a husband sought to use estoppel to collect on an insurance policy issued to his wife:

"But the difficulty of applying the doctrine of estoppel in this case arises from the fact that the plaintiff never had any contractual relations with the defendant companies, and the doctrine of estoppel will not apply to create a contract that never existed. . . . We are asked to create a contract of insurance in the first instance, and then invoke the doctrine of estoppel as to this court-made contract. This cannot be done." [5]

Plaintiff cannot here recover as an insured under a contract of insurance because there was no contract of insurance between plaintiff and defendant. Estoppel cannot be used to create what does not and never did exist. Plaintiff was not an insured. Defendant was not his insurer. The judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss plaintiff's complaint.

---

[2] *Artmar, Inc. v. United Fire & Casualty Co., supra,* 34 Wis. 2d at 186. "The doctrine of estoppel does not apply to this case because its usage would be directed to the creation of a contract of insurance. This court has specifically declined to extend the doctrine to such situations. . . ." *Kamikawa v. Keskinen* (1969), 44 Wis. 2d 705, 711, 172 N. W. 2d 24.

[3] *Welch v. Fire Association of Philadelphia* (1904), 120 Wis. 456, 98 N. W. 227; *Jeske v. General Accident Fire & Life Assurance Corp.* (1957), 1 Wis. 2d 70, 83 N. W. 2d 167.

[4] *Spohn v. National Fire Ins. Co.* (1926), 190 Wis. 446, 209 N. W. 725.

[5] *Macomber v. Minneapolis Fire & Marine Ins. Co.* (1925), 187 Wis. 432, 436, 437, 204 N. W. 331.