Frank J. SAUSEN, Plaintiff-Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Defendant and Co-Appellant,

VINLAND TOWN MUTUAL INSURANCE COMPANY, Defendant-Respondent.†

Court of Appeals

*No. 84–419. Submitted on briefs October 16, 1984.— Decided November 27, 1984.*
(Also reported in 360 N.W.2d 565.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Robert Lubinski, Mary A. Klass* and *Lubinski, Rottier & Lubinski* of Seymour.

For the co-appellant the cause was submitted on the brief of *Charles W. Klasen* of Appleton.

For the respondent the cause was submitted on the brief of *Philip A. Munroe* and *Di Renzo & Bomier* of Neenah.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J. Frank Sausen appeals a summary judgment dismissing his property loss claim against Vinland Town Mutual Insurance Company. The trial court held that Sausen's insurance policy lapsed because he failed to exercise his right to renew the policy. Sausen argues that the insurance policy did not lapse because Vinland failed to give notice that the renewal premium was due. Because notice of nonrenewal or of premium due is required before a policy lapses, and because Vinland did not give either notice, coverage under the policy extended beyond the expiration date. We reverse the summary judg-

ment therefore and remand this matter for further proceedings.

Sausen insured his interest in a farm combine with Vinland. The policy term was three years. Before the policy expired, Vinland did not notify Sausen that it would not renew the policy. It also did not notify Sausen that a renewal premium was due. Two months after the policy expiration date, fire damaged the combine. Sausen did not tender a renewal premium or otherwise indicate that he wanted to renew the policy until after the loss.

Section 631.36(4)(a), Stats., provides that a policyholder has a right to have an insurance policy renewed unless the insurer gives notice of its intention not to renew, or notice that a renewal premium is due. Because Vinland did not give Sausen either form of notice, we must determine what effect the failure had on the expiration date of the policy. Vinland argues that failure to give notice only results in an implied offer of renewal by the insurer and that the policy is not renewed unless the insured accepts the offer before the policy expiration date. Sausen argues that a policy is automatically renewed when notice is not given.

Section 631.36(4)(a) is ambiguous because it is capable of being read by a reasonable person in either of two senses. *See Barth v. Board of Education,* 108 Wis. 2d 511, 517, 322 N.W.2d 694, 697 (Ct. App. 1982). The construction of an ambiguous statute is a question of law, which we review without deference to the trial court's decision. *Id.* A construction that will fulfill the purpose of the statute is favored over a construction that defeats the manifest object of the statute. *Terry v. Mongin Insurance Agency,* 105 Wis. 2d 575, 583–84, 314 N.W.2d 349, 353 (1982).

We construe sec. 631.36(4)(a) to continue coverage under the existing insurance policy when the insurer

fails to give notice of nonrenewal or of premium due. This is the only construction of the statute that makes the notice of premium due requirement meaningful. If the insured must indicate a desire to renew regardless of whether notice is given, then the mandatory notice provision is converted into an optional procedure that the insurer can disregard without risk. *See Lang v. Kurtz,* 100 Wis. 2d 40, 47, 301 N.W.2d 262, 266 (Ct. App. 1980). Such an interpretation defeats the manifest object of the statute, which is to inform the insured that a renewal premium is due and the terms of renewal. Our construction of the statute is consistent with this court's holding in *Lang* that an insurer's failure to give a statutory notice caused an insurance policy to remain in effect beyond its expiration date.[1] *Id.* at 45–46, 301 N.W.2d at 265. Our construction also accommodates the twin realities that insurers keep track of premium due dates better than insureds, and uninterrupted insurance coverage serves an important personal and social objective.

Extending policy coverage until the insurer gives notice of premium due requires the insurer to make an offer of renewal before the insured is required to accept. *See Stueck v. Le Duc,* 57 Wis. 2d 735, 740, 205 N.W.2d 139, 142 (1973). Until the insurer gives notice of premium due, the insured does not know the terms of

---

[1] Extending policy coverage until an insurer gives statutory notice of renewal or of premium due is consistent with the approach of other jurisdictions. *See Zeman v. Zack Agency, Inc.,* 429 N.Y.S.2d 444 (N.Y. App. 1980); *Garner v. Government Employees Insurance Co.,* 199 S.E.2d 350 (Ga. App. 1973); *Shore v. Coronet Insurance Co.,* 288 N.E.2d 887 (Ill. App. 1972); *Ray v. Associated Indemnity Corp.,* 373 So. 2d 166 (La. 1979); *Trinity Universal Insurance Co. v. Burnette,* 560 S.W.2d 440 (Tex. Civ. App. 1977). 14 Appleman, Insurance Law & Practice, § 8162 at 535–39 (1976), also states that strict compliance with statutory notice provisions is required before a policy is forfeited.

renewal. Section 631.36(4)(a) provides that a policy-holder has a right to have a policy renewed on the terms then being applied by the insurer unless notice of non-renewal or notice of premium due is given. We cannot reasonably conclude that an insured is obligated to accept renewal before a policy expiration date when the terms of renewal are not known.

Our conclusion is also consistent with sec. 631.36(5)(a), Stats., which regulates the notice requirements for an offer to renew an insurance policy on altered terms. The statute requires the insurer to give notice of the new terms thirty days prior to the expiration date of the policy. If proper notice is not given, then the new terms do not become effective until thirty days after notice actually is given. In the meantime, coverage continues on the same terms as the original policy. The policy-holder may accept or reject the renewal offer at any time during the thirty-day period without a lapse of coverage between the stated expiration date and the date of acceptance.

Because Vinland did not notify Sausen of nonrenewal or of premium due, the insurance policy did not lapse as a result of Sausen's failure to pay the renewal premium before the policy expiration date. We reverse the summary judgment therefore, although we do not hold Vinland liable for Sausen's alleged damages. Vinland was not required to give statutory notice if Sausen insured elsewhere. Section 631.36(4)(b), Stats. A question of fact exists as to whether Sausen did insure elsewhere and this issue must be decided.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.