Hubert J. HOEFT, Plaintiff-Appellant,

v.

UNITED STATES FIRE INSURANCE COMPANY,
Defendant-Respondent,

UNITED STATES FIDELITY & GUARANTY COM-
PANY, Defendant,

CONTRX INDUSTRIES, INC., d/b/a United States
Sling & Supply, Defendant-Co-Appellant.

Court of Appeals

*No. 89-0571. Argued September 14, 1989.—Decided October 11,
1989.*

(Also reported in 450 N.W.2d 459.)

135

136

On behalf of the plaintiff-appellant, there was a brief by *William R. Wilde* of *Curtis-Wilde Law Offices* of Oshkosh, joined by *John R. Teetaert* of *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.* of Appleton on behalf of the defendant-co-appellant. There was oral argument by *William R. Wilde.*

On behalf of the defendant-respondent, there was a brief submitted by *Michael J. Kranzush* and *Curtis A. Borsheim* of *Denissen, Kranzush, Mahoney & Ewald,*

*S.C.* of Green Bay. There was oral argument by *Michael J. Kranzush.*

Before Brown, P.J., Scott, J., and Robert J. Parins, Reserve Judge.

SCOTT, J.   Hubert J. Hoeft appeals from a grant of summary judgment to United States Fire Insurance Company (U.S. Fire). Hoeft mainly alleges that a factual dispute exists as to whether the policy issued by U.S. Fire was improperly nonrenewed under sec. 631.36(4), Stats. (1983–84),[1] and therefore as to whether his injury was covered under that policy. Hoeft also contends that U.S. Fire is estopped from denying coverage. Because we reverse based on his first claim, we need not discuss the estoppel issue.

Hoeft was injured on December 3, 1984, while using a sling and hook mechanism manufactured by United States Sling and Supply (U.S. Sling), a division of Contrx Industries, Inc. On April 30, 1983, U.S. Fire had issued to U.S. Sling an "occurrence" liability policy which included products liability coverage. The renewable policy had an expiration date of April 30, 1984.

Ronald Phillips is Contrx's president and the person authorized to purchase insurance for U.S. Sling. Phillips stated in a deposition that he "assumed" that as long as the product was sold during the policy term, the policy would cover any products liability claim regardless of when it arose. Phillips alleges in a later affidavit, however, that he was given that information by Jeffrey Wirth, the agent through whom he had procured the policy. The affidavit further alleges that Phillips' own reading of the policy was consistent with Wirth's pur-

---

[1]All references in this opinion to sec. 631.36, Stats., are to the 1983–84 statutes.

ported representation of it. The policy in fact covered only injuries occurring during the policy term.

Sometime before the April 30, 1984 expiration date, U.S. Fire decided not to renew the policy. It did not, however, notify U.S. Sling of its decision. Instead, U.S. Fire notified agent Wirth, who attempted to replace the coverage. Wirth did not tell U.S. Sling at that time of the intended nonrenewal or that he was seeking alternate coverage.[2]

In August 1984, Wirth advised U.S. Sling of U.S. Fire's decision not to renew the policy. U.S. Sling directed Wirth to search for similar coverage. On August 24, 1984, Wirth procured a products liability policy through Admiral Insurance Company. Wirth informed U.S. Sling of the Admiral policy on September 28, 1984 by means of a letter requesting payment of the $10,500 premium, a cost nearly double that of the U.S. Fire coverage. Considering the Admiral policy excessively priced, U.S. Sling instructed Wirth to cancel it. When Hoeft was injured two months later, U.S. Sling had obtained no other products liability coverage.

The trial court granted U.S. Fire's motion for summary judgment, ruling that U.S. Sling, through its agent, had either "insured elsewhere" or "accepted replacement coverage" under sec. 631.36(4)(b), Stats., thus relieving U.S. Fire of its burden of providing notice of nonrenewal as required by sec. 631.36(4)(a). Consequently, Hoeft's injury was not covered as a matter of law. Hoeft appeals, claiming that neither exception applies, and therefore U.S. Fire's failure to give notice afforded products liability coverage to U.S. Sling until April 30, 1985.

---

[2]In July 1984, Wirth procured through United States Fidelity and Guaranty Company (U.S.F.&G.) a general liability policy which did not afford products liability coverage. U.S.F.&G. was dismissed from the action before trial.

In reviewing the grant or denial of summary judgment, we follow a well-established procedure we need not repeat here. *See generally Ford Farms, Ltd. v. Wisconsin Elec. Power Co.,* 145 Wis. 2d 650, 654–55, 430 N.W.2d 94, 95 (Ct. App. 1988). The procedure is the same for trial and appellate courts. *Id.* at 654, 430 N.W.2d at 95.

Hoeft first argues that summary judgment was inappropriate because the policy coverage is a disputed material issue. He contends U.S. Sling believed that, as long as the U.S. Sling product was assembled or sold during the term of the policy, the U.S. Fire "occurrence" policy covered injuries arising at any time. In fact, the policy covered only those injuries occurring while the policy was in effect. He contends further that U.S. Sling would have insured elsewhere had the policy "made it clear" it covered only injuries suffered during the policy period.

Hoeft characterizes the differing interpretations as a factual dispute. We disagree for two reasons. First, construction of an insurance policy in general, and ambiguous clauses in particular, are not factual issues but questions of law. *Kremers-Urban Co. v. American Employers Ins. Co.,* 119 Wis. 2d 722, 735, 351 N.W.2d 156, 163 (1984). Second, our supreme court has already determined the terms "bodily injury" and "occurrence," as used in this policy, are unambiguous as a matter of law. *Id.* at 741–43, 351 N.W.2d at 166–67. Summary judgment was proper on that issue.

Hoeft next argues summary judgment was improperly granted because a factual dispute exists as to whether agent Wirth's authority was such that, because of Wirth's actions, U.S. Sling "insured elsewhere" or "accepted replacement coverage." Accordingly, we must resolve whether there is a genuine dispute regarding the

replacement coverage, and, if so, whether the dispute presents a question of fact for a jury.

█

In determining whether there is a factual dispute, we look to Hoeft's affidavits. *Ford Farms,* 145 Wis. 2d at 654, 430 N.W.2d at 95. Hoeft contends that because U.S. Fire failed to give U.S. Sling statutory notice of nonrenewal, the policy automatically renewed for another year. Section 631.36, Stats., provides in part:

> **(4)** NONRENEWAL. (a) *Notice required.* . . . [A] policyholder has a right to have the policy renewed, on the terms then being applied by the insurer to similar risks, for an additional period of time equivalent to the expiring term if the agreed term is a year or less . . . unless at least 30 days prior to the date of expiration provided in the policy a notice of intention not to renew the policy beyond the agreed expiration date is mailed or delivered to the policyholder . . ..
>
> (b) *Exceptions.* This subsection does not apply if the policyholder has insured elsewhere, has accepted replacement coverage or has requested or agreed to nonrenewal, or if the policy is expressly designated as nonrenewable.

Hoeft argues that fortuitous notice to U.S. Sling should not suffice to relieve U.S. Fire of its clear statutory burden of pre-termination "mailed or delivered" notice. Conceding that notice is unnecessary if one or more of the exceptions apply, Hoeft asserts that none of them does here. He contends that U.S. Sling neither "insured elsewhere" nor "accepted replacement coverage" because it was Wirth, not U.S. Sling, who accepted the cancellation of the U.S. Fire policy and procured the Admiral policy. Hoeft further contends that agent Wirth did not have the authority to do so because U.S. Sling

141

did not authorize Wirth to bind it to coverage with Admiral; it had no knowledge of the Admiral policy until over a month after Wirth signed the binder on the policy; and it would not have agreed in any event to so expensive a premium.

■

The trial court noted that the purpose of the statute's notice requirement is to protect insureds from unwittingly being left without coverage. *See Sausen v. American Family Mut. Ins. Co.,* 121 Wis. 2d 653, 656, 360 N.W.2d 565, 566 (Ct. App. 1984). The statute does so, the court continued, by extending an insured's present coverage until the insured has "some sort of notice and can take reasonable and appropriate action." After acknowledging that U.S. Fire gave U.S. Sling no notice of nonrenewal, a fact both parties concede, the court ruled that U.S. Sling nonetheless had notice, evidenced by its attempts to obtain other coverage. The court also determined that two of the sec. 631.36(4)(b), Stats., exceptions—"insured elsewhere" and "accepted replacement coverage"—applied, thus relieving U.S. Fire of any further duty to give notice. Finally, the court found the scope of agent Wirth's authority irrelevant to the issue.

We begin our review by noting that the question is not simply whether another insurance policy came into effect. The precise question is whether the *policyholder* "insured elsewhere" or "accepted replacement coverage." Sec. 631.36(4)(b), Stats. Thus, the scope of Wirth's authority is centrally relevant to resolution of the issue.

■

Summary judgment methodology prohibits a court from deciding an issue of fact. *Ford Farms,* 145 Wis. 2d at 655, 430 N.W.2d at 95. It determines only whether a factual issue exists, resolving doubts in that regard

142

against the moving party. *Id.* If a factual issue exists, summary judgment is improper. *Id.*

Here, the trial court decided several factual issues. First, it determined that U.S. Sling had "insured elsewhere." In doing so, the court decided that agent Wirth acted within his authority in arranging other products liability coverage for U.S. Sling.

That determination was not for the court to make upon a motion for summary judgment. Where the authority of an insurance agent is in dispute and there is any competent, though conflicting, evidence bearing upon the issue of agency, the question of the extent of the authority is for the jury. 3 G. Couch, *Cyclopedia of Insurance Law* sec. 26.61 (rev. ed. 1984); *cf. Iowa Nat'l Mut. Ins. Co. v. Backens,* 51 Wis. 2d 26, 34, 186 N.W.2d 196, 200 (1971). Furthermore, whether a principal-agent relationship exists at all is a question of fact for the trier of fact. *Noll v. Dimiceli's, Inc.,* 115 Wis. 2d 641, 643, 340 N.W.2d 575, 576 (Ct. App. 1983).

The trial court next decided that, allegations in Hoeft's affidavit notwithstanding, U.S. Sling "accepted" the Admiral policy as replacement coverage for the U.S. Fire policy. Hoeft argues that U.S. Sling did not accept the Admiral policy because, immediately upon learning of its existence, U.S. Sling refused to pay the premium and ordered the policy canceled.[3]

The existence of an insurance contract is a matter of contract law. *Security Ins. Co. v. DILHR,* 69 Wis. 2d

---

[3]At oral argument, U.S. Fire took the position that U.S. Sling had "insured elsewhere," contending that "accepted replacement insurance" means to have renewed on altered terms with the same insurer. We do not agree because that scenario is handled by sec. 631.36(5), Stats., "Renewal with Altered Terms."

746, 751, 233 N.W.2d 386, 389 (1975). The interpretation of an insurance contract is controlled by the principles of construction applied to contracts in general. *Lambert v. Wrensch,* 135 Wis. 2d 105, 115, 399 N.W.2d 369, 373 (1987). In contract, whether an offer was accepted is a question of fact. *See Novelly Oil Co. v. Mathy Constr. Co.,* 147 Wis. 2d 613, 616–18, 433 N.W.2d 628, 629–30 (Ct. App. 1988). Therefore, whether U.S. Sling "accepted replacement coverage" is a question of fact not proper for disposition by summary judgment.

Moreover, to determine whether agent Wirth "accepted" the Admiral policy on U.S. Sling's behalf, the focus necessarily turns once again to whether Wirth in fact had the authority to so act. We have already concluded that the scope of his authority is a factual question and is not for resolution by summary judgment.

The final issue on appeal is whether the doctrine of estoppel should afford coverage if the statute does not. Hoeft argues that U.S. Fire should be estopped from denying coverage when agent Wirth allegedly misrepresented the scope of the policy.

We need not address this issue in any depth. The rule in Wisconsin is that estoppel can neither create an insurance contract where none exists, nor enlarge existing coverage. *Madgett v. Monroe County Mut. Tornado Ins. Co.,* 46 Wis. 2d 708, 710–11, 176 N.W.2d 314, 315–16 (1970). Dissatisfaction with this rule is more appropriately addressed to the supreme court.

*By the Court.*—Judgment reversed and cause remanded.