Father Verne SCHAEFER, Plaintiff-Appellant,

v.

PHYSICIANS PLUS INSURANCE CORPORATION, Defendant-Respondent.

Court of Appeals

*No. 91-2151. Submitted on briefs April 23, 1992.—Decided February 11, 1993.*

(Also reported in 497 N.W.2d 776.)

488

For the plaintiff-appellant the cause was submitted on the brief of *William H. Gergen* of *Gergen & Gergen, S.C.* of Beaver Dam.

For the defendant-respondent the cause was submitted on the brief of *Claude J. Covelli* and *Joyce L. Kiel* of *Boardman, Suhr, Curry & Field* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

GARTZKE, P.J.    Verne Schaefer appeals from a judgment dismissing his complaint against Physicians Plus Insurance Corporation for breach of contract to pay his heart transplant expenses under a group health insurance plan. The primary issue is whether Physicians had a duty to notify Schaefer of a coverage change. We conclude that Physicians had a statutory obligation only to notify the state group insurance board (board), the policyholder, and no duty to notify Schaefer. We therefore affirm.

The trial court granted Physicians' motion for summary judgment. Because the facts are undisputed, whether Physicians is entitled to summary judgment is a question of law for our independent review. *Johnson v. Minnesota Mut. Life Ins. Co.*, 151 Wis. 2d 741, 744, 445 N.W.2d 736, 737 (Ct. App. 1989).

The board, acting on behalf of the state, contracts with insurance companies for group insurance plans.[1] State employees may subscribe to the individual insurance plans on a calendar-year basis. Schaefer, a state employee, subscribed to coverage with Physicians for 1987. The 1987 Physicians policy covered heart transplants. Schaefer received a certificate of insurance from Physicians summarizing the contents of the policy and a "Transplant Endorsement."

On July 1, 1987, Physicians mailed notice to the department of employe trust funds, which assists the board in administering the state's group health benefits plan,[2] of modifications to the Physicians plan for 1988. One modification excluded heart transplants from coverage. On August 31, 1987, the department notified the board of the modification.

In October 1987, Physicians mailed information regarding the 1988 plan to eligible state employees. The materials stated that the 1988 plan excluded from coverage "[s]ome transplants of body organs including lung, heart, heart/lung, pancreas, and liver." Schaefer denies he received the materials.

Sometime in the fall of 1987, Schaefer received a booklet from the state regarding enrollment for coverage in 1988. The cover of the booklet stated that if an application was not submitted during the enrollment period, the employee would continue with the plan. Schaefer did not submit an application for 1988 during the enrollment period.

---

[1] Section 40.03(6), Stats., provides in relevant part:

The group insurance board:

(a)1. Shall, on behalf of the state, enter into a contract or contracts with one or more insurers . . . for the purpose of providing the group insurance plans provided for by this chapter . . ..

[2] Section 40.03(1) and (2), Stats.

In February 1988, Physicians mailed a booklet certificate to each covered employee. The certificate described the essential features of coverage for 1988 and stated that the plan did not cover heart transplants. Schaefer denies he received a new certificate.

In April 1988, Schaefer had heart transplant surgery. Physicians refused to pay the cost on grounds that the 1988 plan did not cover heart transplants. Schaefer then brought this action.

The trial court ruled that sec. 631.36(5), Stats., required Physicians to give notice to the "policyholder" of the modification excluding heart transplants from coverage in 1988, and the board was the policyholder. Because Physicians gave the required notice to the board, the court held that Physicians had not breached its contract, granted its motion for summary judgment, and dismissed Schaefer's complaint.

The parties agree that sec. 631.36(5)(a), Stats. (1987-88), applies and disposes of this appeal. That statute provides in relevant part:

> [I]f the insurer offers or purports to renew the policy but on less favorable terms or at higher rates, the new terms or rates take effect on the renewal date if the insurer sent by 1st class mail or delivered to the *policyholder* notice of the new terms or rates at least 60 days prior to the expiration date. If the insurer has not so notified the *policyholder*, the new terms or rates do not take effect until 60 days after the notice is mailed or delivered, in which case the *policyholder* may elect to cancel the renewal policy at any time during the 60-day period. . . .[3] (Emphasis added.)

---

[3] Section 631.36(5)(a), Stats., was amended effective May 11, 1990. Section 17, 1989 Wis. Act 332. As amended, the statute continues to require notice to the "policyholder."

The construction of a statute is a question of law for our independent review. *Voss v. City of Middleton,* 162 Wis. 2d 737, 749, 470 N.W.2d 625, 629 (1991). If the statute is unambiguous, we cannot look beyond its language to ascertain its meaning. *Id.*

Section 631.36(5)(a), Stats., unambiguously requires notice to the policyholder. In chs. 600 to 646, Stats., unless the context indicates otherwise, " 'Policyholder' means the person who controls the policy by ownership, payment of premiums or otherwise." Section 600.03(37), Stats. The board contracts with an insurer for the purpose of providing a group insurance plan. The board controls the policy[4] and is therefore the policyholder.[5]

The certificate issued to Schaefer for 1987 is consistent with sec. 631.36(5)(a), Stats., and our conclusion that the board is the policyholder. The certificate states on its face that it "is not the contract of insurance. It is merely evidence of insurance provided under the policy. All benefits are paid according to the terms of the group master policy." The explanatory material attached to the certificate states, "The group master policy forms a contract between us and the policyholder." That material defines "Group Master Policy/Policy" as "the policy contract issued to the employer, trustee, union, association, organization or other entity, known as the Policyholder."

Schaefer asserts that we should construe sec. 631.36(5)(a), Stats., to require notice not only to the policyholder but to each insured as well. He asserts that the purpose of the statute is to protect insureds and

---

[4] See sec. 40.03(6)(a)1., Stats., quoted in note 1.

[5] No question is raised regarding the propriety of Physicians having given notice of the modification to the board by mailing the notice to the department of employe trust funds.

notice to them of policy changes is essential. He notes that following its definition of "policyholder," sec. 600.03(37), Stats., contains the words, "See also 'insured,' " and sec. 600.03(26), Stats., provides, " 'Insured' means any person to whom or for whose benefit an insurer makes a promise in an insurance policy. The term includes *policyholders*, subscribers, members and beneficiaries. . .." (Emphasis added.)

We cannot read into sec. 631.36(5)(a), Stats., a requirement that notice be given to an insured as well as the policyholder. The term "insured" as defined in sec. 600.03(26), Stats., includes a policyholder, but "policyholder" as defined in sec. 600.03(37), Stats., does not include "insured." The words "See also 'insured' " in sec. 600.03(37) serve only to highlight the difference between a policyholder and an insured. When sec. 631.36(5)(a) requires notice to the policyholder, it does not require notice to the "insured."

To support his contention that the purpose of sec. 631.36(5)(a), Stats., is to protect insureds from being unwittingly left without coverage, Schaefer cites *Hoeft v. United States Fire Ins. Co.*, 153 Wis. 2d 135, 142, 450 N.W.2d 459, 462 (Ct. App. 1989), and *Sausen v. American Family Mut. Ins. Co.*, 121 Wis. 2d 653, 656, 360 N.W.2d 565, 566 (Ct. App. 1984). Those cases are not on point. They applied sec. 631.36(4), Stats., which deals with notice of non-renewal to the "policyholder." In each case, the policyholder and the insured were one and the same persons, a liability policy having been issued to the insured in *Hoeft* and a property policy to the insured in *Sausen*. Here the board is the policyholder and Schaefer is an insured.

Schaefer contends that, when we apply the notice statute, sec. 631.36(5), Stats., we should look for guidance to sec. 631.61(1)(a), Stats. That statute requires

the insurer issuing a group insurance policy to provide a certificate for each member of the insured group summarizing the essential features of coverage. The insurer must provide the certificate in a manner reasonably calculated to bring it to the attention of the certificate holder by mail or delivery directly to the certificate holder or by mailing the certificates in bulk to the policyholder to transmit to the certificate holders, unless the insurer has reason to believe that the policyholder will not promptly do so. Section 631.61(1)(c), Stats.

Section 631.61, Stats., does not affect our reading of the notice statute, sec. 631.36(5), Stats. The latter discloses an unmistakable legislative intent that notice of policy modifications be given by notice to the policyholder. Like the latter statute, sec. 631.61(1)(a) and (c), Stats., distinguishes between the policyholder and the member of the insured group. Section 631.61(1), Stats., confirms our conclusion that Physicians properly gave notice of the policy modification to the board, the policyholder.

We reject Schaefer's argument that because he did not receive the 1988 certificate, he had a right to rely on the 1987 certificate. Whether the insured received the certificate is irrelevant to whether the insurer complied with the notice statute, sec. 631.36(5), Stats. Schaefer does not claim that when Physicians gave notice of the 1988 modification, Physicians' method of delivery was improper.

Schaefer argues that because contract law governs insurance contracts, and under contract law, the insured employee must be given the opportunity to accept or reject a modified insurance contract, whether proper notice was given to Schaefer is a question of fact. We disagree. The contract is between Physicians and the board on behalf of the state. Section 40.03(6)(a)1., Stats.

It is for the board to accept or reject a modification. For that reason, whether Schaefer had proper notice is not an issue of material fact which requires a trial.

■

Finally, because we hold that Physicians did not breach its statutory duty to give notice of renewal, we hold that Physicians did not act in bad faith in denying Schaefer's insurance claim.

There being no issues of material fact in dispute, we affirm the trial court's grant of summary judgment.

*By the Court.*—Judgment affirmed.